■ MICHAEL MISHKIN, Respondent-Appellant, v ROBERT DORMER et al., Appellants-Respondents.—Order, Supreme Court, New York County, entered January 21, 1977, which granted defendants' motion to dismiss the complaint to the extent of dismissing the third, fourth, fifth, sixth, seventh and ninth causes of action and denied the motion as to the first, second and eighth causes of action, unanimously modified, on the law, to the extent of dismissing the first, second and eighth causes of action as time-barred and as to the eighth cause of action for insufficiency also, and as so modified, affirmed. Defendants-appellants-respondent shall recover of plaintiff-respondent-appellant $60 costs and disbursements of this appeal. This action was commenced in October, 1975. The third, fourth, fifth and seventh causes of action are, in essence, based on the defendants' publication of false accusations and as such are governed by the one-year statute (CPLR 215, subd 3). Although the allegations in the complaint are not clear as to time elements, it is not disputed, and a reading of the record discloses, that the events forming the basis of these causes occurred beyond the statutory one-year period. The sixth cause of action, in essence, alleges malicious prosecution, which is also governed by the one-year statute. The ninth cause of action alleges disruption of board of estimate meetings ending in February, 1972 with the alleged purpose being "that proper action concerning the Cadman project not be had." At best, this cause of action may be construed as alleging injury to plaintiff's property or person, and that is governed by the three-year statute (CPLR 214, subd 4). The first and second causes of action, in essence, allege intentional infliction of economic harm through contract interference and, as such, appear to state causes of action (see *Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397). However, here, too, the appropriate time limitation period is determined by the underlying acts. As stated by the Court of Appeals: "In applying a Statute of Limitations, this court declared some years ago, 'We look for the reality,

and the essence of the action and not its mere name.' *(Brick v Cohn-Hall-Marx Co.,* 276 N.Y. 259, 264.)" *(Morrison v National Broadcasting Co.,* 19 NY2d 453, 459; see, also, *Clark v New York Tel. Co.,* 41 NY2d 1069; *Carr v Lipshie,* 8 AD2d 330, affd 9 NY2d 983. ) *Here, the underlying acts constituted an interference with contractual rights, and the first and second causes are, therefore, governed by the three-year statute (see Frigi-Griffin v Leeds,* 52 AD2d 805). The eighth cause of action is a composite of the prior causes and is subject to the same defects. Plaintiff's assertion that the complaint alleges fraud and, accordingly, the six-year statute is applicable, is not supported by a reading of the complaint which constantly refers to intentional infliction of economic harm. Even assuming fraud as the basis of the complaint, then it is insufficient for not alleging the acts with particularity (CPLR 3016, subd [b]). Concur—Lupiano, J. P., Birns, Silverman, Lane and Markewich, JJ.