OPINION OF THE COURT
Bentley Kassal, J.
ISSUE
Before this motion to dismiss on the basis of Statute of Limitations may be considered, a threshold issue is raised as to whether this court has jurisdiction to entertain a complaint for civil damages under section 7217 of the Internal Revenue Code of 1954 (US Code, tit 26, § 7217) for unauthorized disclosure of tax returns. This is an issue of first impression for this court and apparently has not previously been resolved by any other State or Federal court.
FACTS
All of the parties to this action are attorneys. In December, 1976 and January, 1977, defendants appeared as counsel to an accounting firm in an action brought against the plaintiff, Sands, for work, labor and services in preparation of Sand’s tax returns. Sands alleges that, during the course of that litigation, defendants made an unlawful publication of his personal income tax returns. Sands instituted the present action in September, 1978, broadly claiming, inter alia, an invasion of his constitutional right to privacy and a violation of the prohibition against such disclosure under the Internal Revenue Code.
In the instant motion, in addition, the defendants have moved to dismiss the complaint as barred by the Statute of Limitations, specifically, CPLR 215, which provides a one-year Statute of Limitations for actions to recover damages for "libel, slander, false words causing special damages, or a violation of the right of privacy under section fifty-one of the civil rights law”.
Although the complaint is stated in broad conclusory terms, Sands has narrowed its thrust considerably by his statement in opposition to the motion, as follows: "2. The Complaint is based upon the misuse by defendant of confidential Federal tax information in violation of the Federal statute as well as the tort by which defendants with malice and evil intent *600 having been expressed by them in documents, have publicized confidential information regarding plaintiff.”
Thus, the complaint must be examined to determine whether it states any cause of action not barred by the Statute of Limitations.
DECISION
1. VIOLATION OF INTERNAL REVENUE CODE (US CODE, TIT 26, § 7217)
a. JURISDICTION
This cause of action is based upon a recent amendment to the Internal Revenue Code, which creates a statutory civil cause of action for actual and punitive damages for improper disclosure of tax returns or information furnished to prepare such returns. (Internal Revenue Code, § 7217 [US Code, tit 26, § 7217].) Before a decision is made on whether such action was timely commenced, the court must determine whether jurisdiction to entertain such cause of action exists in the State courts.
The statutory provision for such action is: "(a) General Rule. Whenever any person knowingly, or by reason of negligence, discloses a return or return information (as defined in section 6103(b)) with respect to a taxpayer in violation of the provisions of section 6103, such taxpayer may bring a civil action for damages against such person, and the district courts of the United States shall have jurisdiction of any action commenced under the provisions of this section.” (Internal Revenue Code [of 1954], § 7217 [US Code, tit 26, § 7217.)
Thus, while the statute expressly grants jurisdiction to the Federal District Courts, the issue remains as to whether such jurisdiction is exclusive.
Federal jurisdiction is not exclusive merely because the controversy litigated arises under a law of the United States. Concurrent jurisdiction has been a common phenomenon in our judicial history and exclusive Federal court jurisdiction over cases involving Federal law has been the exception rather than the rule. (Dowd Box Co. v Courtney, 368 US 502.) Unless Congress expressly declares Federal court jurisdiction to be exclusive, the Federal and State courts are presumed to have concurrent jurisdiction to try Federal claims. (Brody v *601 Leamy, 90 Misc 2d 1; Wright, Miller & Cooper, Federal Practice and Procedure, § 3527.) This presumption is not rebutted here — neither the plain meaning of the statute nor the legislative history of the act raise the slightest implication that exclusive jurisdiction was intended.
Section 7217 of the Internal Revenue Code of 1954 (US Code, tit 26, § 7217) provides that, "the district courts of the United States shall have jurisdiction of any action commenced under the provisions of this section” and this language should be construed in its ordinary sense. Because the Federal District Courts are courts of limited jurisdiction, in the sense that they are without jurisdiction except as conferred by the Constitution and laws of the United States, a Congressional statement is necessary to grant them jurisdiction over any newly created cause of action. Moreover, a separate jurisdictional statement was necessary for this provision since ambiguity would otherwise exist as to whether an action under section 7217 could be brought in the District Courts under section 1340 of title 28 of the United States Code which provides that, "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue” (emphasis supplied). (US Code, tit 28, § 1340; see, e.g., Aqua Bar & Lounge v United States Dept. of Treasury, 539 F2d 935.)
The legislative history of the enactment does not suggest that Congress intended exclusive Federal jurisdiction. One of the primary purposes of the Tax Reform Act of 1976 was to strengthen the rights of taxpayers. Although prior law described income tax returns as public records, Congress determined that returns and return information should be treated as confidential and generally not subject to disclosure. (General Explanation of the Tax Reform Act of 1976 [H.R. 10612, 94th Congress, Public Law 94-455] Joint Committee on Taxation [US Code, Cong & Admin News, 1976, vol 4, p 2897 et seq.].) In order to redress any injuries sustained and to aid in the enforcement of the confidentiality rules, increased criminal penalties and a new civil action for damages were added to protect taxpayers injured by a knowing or negligent disclosure.
A realistic appraisal of the legislation indicates that the primary potential defendants involved in civil actions for unlawful disclosure would be personnel working for the Inter *602 nal Revenue Service, with the United States serving as the real party in interest.*
Since the Federal Government has waived its sovereign immunity from suit only in the District Courts or the Court of Claims, the State would lack jurisdiction to consider these claims. (Econ Inc. v Illinois Bell Tel. Co., 351 F Supp 1087.) However, the likelihood that many defendants would be amenable to suit only in the Federal courts does not require a conclusion that such jurisdiction is exclusive. It is obvious, the instant case being one example, that nongovernmental defendants may also be involved and there is no suggestion in legislative history that Congress intended to deny a party the right to seek redress for such disclosures in an appropriate State tribunal.
Clearly some matters pertaining to the enforcement of the Internal Revenue Code are most appropriately resolved in the Federal courts. However, this statutory cause of action does not involve the interpretation of complex Federal tax laws, rules or regulations which might properly be left to the Federal tribunals which have a familiarity and expertise with such matters. Rather, the section merely requires that a court make a factual determination of issues no more complex than those this court often confronts in actions for damages for libel, slander or violation of this State’s statutory right of privacy under section 51 of the Civil Rights Law.
Accordingly, this court concludes that there is jurisdiction here to maintain an action against a party other than a Federal employee and, therefore, the next issue is the Statute of Limitations.
b. STATUTE OF LIMITATIONS
The Statute of Limitations for actions brought under section 7217 (Internal Revenue Code [of 1954] [US Code, tit 26, § 7217]) is expressly provided in subsection d which states: "(d) An action to enforce any liability created under this section *603 may be brought, * * * within 2 years from the date on which the cause of action arises or at any time within 2 years after discovery by the plaintiff of the unauthorized disclosure.”
Thus, any claim under this provision would be timely only if the cause of action arose or the disclosure was discovered on or after September, 1976 — two years before the summons and complaint were served. (Neither side has presented any evidence as to the exact date of such service.)
But there is a further limitation. The effective date of the section, itself, is January 1, 1977. (Internal Revenue Code, § 7217 [US Code, tit 26, § 7217].) Accordingly, any disclosure or discovery of such disclosure must have occurred after that date to be timely.
Although the complaint alleges, in the second paragraph, that the events took place "in or about 1976”, the defendant admits that "Acts to which the complaint refers occurred during December of 1976 and January of 1977.” Further, Sands has alleged that "[plaintiff’s records indicated that such publication occurred during February, 1977.”
Thus, assuming the relevant triggering date to start the running of the Statute of Limitations occurred in January, 1977 or later, the action would be timely. Since the defendants have not established otherwise, at this stage, the motion to dismiss, with respect to this cause of action, is denied without prejudice to further application, after disclosure, upon a proper and precise factual demonstration of when the cause of action arose. (Walski v Forma, 54 AD2d 776.)
2. OTHER CAUSES OF ACTION
As previously stated, the complaint herein is pleaded in broad conclusory terms: (1) To the degree that it alleges claims for "libel, slander, false words causing special damages, or a violation of the right of privacy under section fifty-one of the civil rights law”, such claims are clearly barred by the one-year Statute of Limitations provided by CPLR 215.
(2) However, the breadth of the complaint, when liberally construed, might also encompass a claim for prima facie tort. That recent and rapidly developing amorphous cause of action is not governed solely by one Statute of Limitations, but several, depending upon the essence of the claim asserted. (Mishkin v Dormer, 57 AD2d 795; Serrano v Flight Motel, 95 Misc 2d 669.)
Accordingly, it would be improper for the court at this stage *604 to grant the drastic relief of summary judgment before the factual issues described above have been explored and resolved, with the claims in the complaint being narrowed by appropriate disclosure procedures under CPLR articles 30 and 31.
For all of the above reasons, the motion is denied without prejudice to renewal, if warranted, as indicated herein.

 The Comptroller General has issued decisions holding that the liability of a government officer or employee for damages and costs in a civil action described above may be assumed by the United States Government under authority of subdivision 2 of section 7423 of the Internal Revenue Code (US Code, tit 26, § 7423), provided that the unauthorized disclosure was made in the due performance of the officer or employee’s official duties in matters relating to tax administration. (36 NYU Inst on Fed Taxation, p 1265, vol 2, "Confidentiality of Tax Returns”, William S. Corey.) Consequently, the United States is the most probable defendant in future suits under section 7217.