OPINION OF THE COURT
David B. Saxe, J.
Do State courts have concurrent jurisdiction with Federal courts to hear private civil actions for damages under the Racketeer Influenced and Corrupt Organizations Act (RICO, US Code, tit 18, §§ 1961,1964, subd [c]) or are these actions exclusively within the Federal domain?
The lawsuit concerns an agreement (Agreement) entered into between the plaintiff Greenview and defendant Indu Craft, Inc. (Indu Craft) under which the plaintiff agreed to assign its lease of premises located at 1407 Broadway in New York City to defendant Indu Craft. Indu Craft also agreed to purchase for $15,000 from Greenview furniture and fixtures located at the premises.
Also, under this Agreement, Indu Craft’s attorneys, Hershman & Leicher, P. C., agreed to act as escrow agent for the parties, holding the sum of $14,500 from Indu Craft in escrow which was to be released to Greenview when the lease between the landlord and Indu Craft was executed. The Agreement also provided that other property of Green-view’s, consisting of samples and other items, which was *153 not being sold to Indu Craft, could remain on the premises until September 15, 1983, at which time Greenview would remove them.
Paragraph 8 of the Agreement is crucial. It provides that if the landlord of the building failed to execute a written lease with Indu Craft, or if the landlord executed a lease with anyone other than Indu Craft, then the sum held in escrow by the attorneys was to be returned to Indu Craft. The landlord executed a lease with P.L.C. of New York, Inc. (i.e., a corporation other than Indu Craft), and the sum held in escrow by Hershman & Leicher, P. C., was returned to Indu Craft.
In essence, the issue underlying this action is whether P.L.C. is a corporation “other than” Indu Craft. Plaintiff contends that P.L.C. is the alter ego of Indu Craft and that P.L.C. was craftily formed by the defendants for the purpose of effectuating a fraud against the plaintiff. This scheme, according to plaintiff, was to have a lease executed between the landlord and P.L.C. (rather than Indu Craft) thereby invoking paragraph 8 of the Agreement which stated that under such circumstances the escrow moneys were not required to be remitted to the plaintiff. It is alleged that P.L.C. is controlled and operated by the same principals as Indu Craft and that defendant Richard Rottman, a principal of Indu Craft, informed the landlord that Indu Craft and P.L.C. were the same entity and instructed the landlord to execute the lease with P.L.C. Additionally, the certificate of incorporation for P.L.C. designates Indu Craft as the party to receive service of process.
Plaintiff thus contends that a lease by P.L.C. is the functional equivalent of a lease by Indu Craft, and therefore paragraph 8 of the Agreement was never triggered. That being said, the plaintiff alleges that the defendants breached the Agreement and further that the defendant attorneys acted improperly by releasing the escrow funds to Indu Craft under the pretext that the landlord had executed a lease with a corporation “other than” Indu Craft. They therefore contend that the defendants are liable for damages for breach of contract, conversion, fraud, and violation of the RICO statute (US Code, tit 18, § 1964, subd [c]). I have determined, in an unpublished decision *154 that causes of action are properly stated for breach of contract, conversion and fraud.
The defendants also move to dismiss the cause of action asserted against them alleging that they have violated the Racketeer Influenced and Corrupt Organizations Act (US Code, tit 18, §§ 1961, 1964, subd [c]).
RICO was enacted in order to “halt organized crime’s infiltration of the American economy by creating ‘enhanced sanctions and new remedies’ against defendants who engage in racketeering activity to operate or gain control of business enterprises. In addition to the substantial criminal penalties and harsh civil remedies that the government can seek, section 1964(c) [offers] a private right of action for treble damages to anyone injured ‘by reason of’ a violation of the Act.” (See, generally, Note, Civil RICO: The Temptation and Impropriety of Judicial Restriction, 95 Harv L Rev 1101.)
Section 1964 of title 18 of the United States Code provides in pertinent part: “(c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the costs of the suit, including a reasonable attorney’s fee.”
Although the statute specifically vests jurisdiction in the United States District Courts, it does not state whether State courts may maintain concurrent jurisdiction over these claims. The defendants maintain that jurisdiction for this private civil action exists exclusively in the Federal courts and therefore this cause of action must be dismissed.
The issue of whether State courts have concurrent jurisdiction to adjudicate private civil actions for damages based upon this Federally created cause of action under the RICO statute (US Code, tit 18, § 1964), is one of first impression in this State. (See Brodsky, Corporate and Securities Litigation: RICO, NYU, Feb. 15, 1984, p 1, col 1, p 2, col 4, n 32.) This issue has only been addressed twice. (See Letters to the Editor, NYU, Feb. 21,1984, p 2, col 6.) In Luebke v Marine Nat. Bank (567 F Supp 1460) in dicta, the court noted that, although unclear, State courts and *155 Federal courts probably could exercise concurrent jurisdiction over cases arising under subdivision (c) of section 1964. County of Cook v Midcon Corp. (574 F Supp 902) concluded that Federal courts have exclusive jurisdiction over cases arising under this section. For the reasons that follow this court adopts the view in favor of concurrent jurisdiction.
The United States Supreme Court has enunciated the rule that: “The general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and the state-court adjudication.” (Gulf Offshore Co. v Mobil Oil Corp., 453 US 473, 477-478.)
The court went on to state: “the Court begins with the presumption that state courts enjoy concurrent jurisdiction * * * Congress, however, may confine jurisdiction to the federal courts either explicitly or implicitly. Thus, the presumption of concurrent jurisdiction can be rebutted by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests.” (Gulf Offshore Co. v Mobil Oil Corp., supra, p 478.)
Thus, exclusive Federal jurisdiction does not arise merely because the litigated controversy involves rights arising under the Federal Constitution or the laws of the United States. (20 Am Jur 2d, Courts, § 13.)
Consistent with this rule, courts have repeatedly found that State courts have concurrent jurisdiction to hear civil claims arising under various Federal statutes. (See Gulf Offshore Co. v Mobil Oil Corp., supra [personal injury claims arising out of the Outer Continental Shelf Lands Act (US Code, tit 43, § 1331 et seq.)]; Dowd Box Co. v Courtney, 368 US 502 [contract claims based on subdivision (a) of section 301 of the Labor Management Relations Act of 1947 (US Code, tit 29, § 141 et seq.)]; Sands v Weingrad, 99 Misc 2d 598 [civil causes of action for unlawful disclosure of income tax returns under section 7217 of the Internal Revenue Code (US Code, tit 26, § 7217)].) In each of these cases, as here, the Federal statute creating *156 the civil claim stated that jurisdiction was vested in the United States District Courts but was silent regarding State court jurisdiction.
In an effort to rebut the presumption of concurrent jurisdiction, the defendants have attempted to show congressional intent to vest Federal courts with exclusive jurisdiction over private RICO claims. They contend that the legislative history reveals that the RICO statute is an outgrowth of the antitrust statutes where jurisdiction has consistently been held to be exclusively in the Federal courts. It is the defendants’ position that an analogy must be drawn to the antitrust laws for the purpose of interpreting the RICO statute, its enforcement and the determination of the appropriate forum for entertaining RICO claims.
While the RICO statute may be rooted in the antitrust laws, the defendants have failed to establish an “unmistakable implication” from the legislative history that Congress intended exclusive Federal jurisdiction over private civil RICO claims. (Gulf Offshore Co. v Mobil Oil Corp., supra.) In fact, the legislative history supports the opposite conclusion. First, Congress enacted RICO as a statutory scheme separate from the antitrust statute. Second, as stated in the Statement of Findings and Purpose of the Organized Crime Control Act of 1970 (84 US Stat 922, 923), of which RICO formed a part: “It is the purpose of this Act to seek the eradication of organized crime in the United States by strengthening the legal tools in the evidence-gathering process, by establishing new penal prohibitions, and by providing enhanced sanctions and new remedies to deal with the unlawful activities of those engaged in organized crime.” (Emphasis added.)
The defendants have also attempted to establish that a finding of concurrent jurisdiction would be “clearly incompatible” with Federal interests. (Gulf Offshore Co. v Mobil Oil Corp., supra.) They contend that the extensive and intricate enforcement scheme to be carried out by the terms of the RICO statute evidence an intention to rest exclusive enforcement power in the Federal domain. According to this view, enforcement of the Federal scheme of RICO as a whole would be frustrated by a finding of *157 concurrent jurisdiction of private claims. I reject this contention. In a case involving a claim under section 7217 of the Internal Revenue Code (US Code, tit 28, § 7217) for unlawful disclosure of income tax returns, the court (Kassal, J.) in Sands v Weingrad, (99 Mise 2d, at p 602) stated: “Clearly some matters pertaining to the enforcement of the Internal Revenue Code are most appropriately resolved in the Federal courts. However, this statutory cause of action does not involve the interpretation of complex Federal tax laws, rules or regulations which might properly be left to the Federal tribunals which have a familiarity and expertise with such matters. Rather, the section merely requires that a court make a factual determination of issues no more complex than those this court often confronts in actions for damages for libel, slander or violation of this State’s statutory right of privacy under section 51 of the Civil Rights Law.”
The reasoning applied by the court in that case is applicable here. This is especially true since “racketeering activity” as defined in section 1961 of title 18 of the United States Code is defined to incorporate Federal as well as State offenses.
Based on the previous analysis, I have determined that the defendants have failed to rebut the presumption in favor of concurrent jurisdiction and therefore hold that a private cause of action under section 1964 of title 18 of the United States Code may be asserted in either a Federal or State court.
Having determined that this court has jurisdiction it is necessary to next decide if the complaint states a cause of action under the RICO statute. The RICO statute, because of its broad definitions, appears to encompass many “fraud related civil claims which are state and common law in nature and which do not involve racketeering in the ordinary meaning of that word”. (See Brodsky, op. cit., p 2, col 1.) Thus, “because RICO requires only two acts of mail or wire fraud to establish a violation, and because each mailing or wire used in furtherance of a fraudulent scheme, whether or not pursuant to the same scheme, constitutes a separate offense, a private right of action for treble damages is available for violation of section 1962 in virtually *158 every case of commercial mail and wire fraud * * * Given the prevalence of mail and wire use in commercial transactions, RICO’s provision for a private cause of action predicated on violations of the mail and wire fraud statutes virtually federalizes common law fraud.” (Note, Civil RICO, op. cit., at pp 1104-1105.)
I find that the activities alleged to have been committed by the defendants fall within the broad scope of the RICO statute and state a cause of action for a violation of the act. While it may be said that Congress never intended the reach of RICO to be this expansive, “courts are without authority to restrict the application of the statute.” (See United States v Turkette, 452 US 576, 587.) The remedy, if Congress wishes to narrow the scope of RICO, is an amendment of the statute. (B.F. Hirsch, Inc. v Enright Refining Co., 577 F Supp 339) discussed in Brodsky (op. cit.).
The motion to dismiss the complaint is denied.