OPINION OF THE COURT
Edward J. Greenfield, J.
In this action to recover under an insurance policy for losses allegedly sustained (see prior decision of May 10, 1984, by Greenfield, J.), plaintiffs have moved to dismiss the third affirmative defense and counterclaim in the amended answer. The challenged counterclaim was predicated upon alleged “racketeering activities” under the Racketeer Influenced and Corrupt Organizations Act (RICO; 18 USC § 1961 etseq.). The racketeering activity which it is alleged gives rise to treble damages claimed under RICO is the filing of a fraudulent and exaggerated insurance claim, using the mails and wire communication in interstate commerce in connection therewith.
Plaintiffs protest that State courts have no jurisdiction over RICO complaints. Even though a Federal statute may be silent as to State jurisdiction, it is not uncommon for State courts to exercise concurrent jurisdiction over causes of action based upon Federal statutes. (See, for example, Cooper v Morin, 49 NY2d 69 [civil rights action under 42 USC § 1983]; Dowd Box Co. v Courtney, 368 US 502 [based on the Federal Labor Management Relations Act of 1947]; Gulf Off-shore Co. v Mobil Oil Corp., 453 US 473, 478.) In the Gulf case, the Supreme Court stated: *85 “[SJtate courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary” (p 477). Judge David Saxe, in Greenview Trading Co. v Hershman & Leicher (123 Misc 2d 152), has held that State courts have concurrent jurisdiction over private civil actions for damages under RICO, and this court need not reiterate what was there stated.
Even assuming jurisdiction, it does not appear that an adequate RICO claim is set forth. The United States Court of Appeals for the Second Circuit in Sedima, S.P.R.L. v Imrex Co. (741 F2d 482, 492, decided July 25, 1984), held that under the statute, a party is entitled to treble damages only if it is alleged and proved that an enterprise’s affairs have been conducted through a “ ‘pattern of racketeering activity’ ”, which is defined under section 1961 (1) to include acts involving murder, kidnapping, gambling, robbery, bribery, narcotics, embezzlement, extortion, fraudulent securities and mail and wire fraud. The court in Sedima believed there was no evidence that Congress intended to create a broad civil cause of action under RICO unrelated to organized crime and its attempt at infiltration of private businesses. The court noted that while there were few cases where RICO had been used against reputed mobsters, there was a veritable explosion of cases alleging RICO offenses against legitimate enterprises where “garden variety” allegations of fraud were alleged. Such use of the RICO statute was characterized by the court as “extraordinary, if not outrageous” (p 487). The court went on to hold that for “ ‘pattern of racketeering activity’ ” (p 492) to exist, the predicate acts upon which a RICO claim could be based would require at least two prior criminal convictions. Additionally, the court declared that beyond ordinary damages, one asserting a civil action under RICO must allege a “separate, distinct racketeering enterprise injury”. There was a vigorous dissent from Judge Cardamone.
In Bankers Trust Co. v Rhoades (741 F2d 511, decided July 26, 1984), a somewhat different panel again dismissed a civil RICO complaint on the ground that section 1962 required an allegation that the injury alleged must be “by reason of” the racketeering activity. Applying that doctrine, damages sustained in defending a lawsuit on an insurance policy could not be considered damages arising by reason of “racketeering activity”.
In the last of the trilogy, Furman v Cirrito (741 F2d 524, 533, decided July 27, 1984), yet another Bench, with considerable reluctance, still felt “compelled to [affirm]” dismissal of a RICO complaint for failure to allege a distinct racketeering enterprise *86 injury as required by the court’s opinions in the Sedima and Bankers Trust cases (supra). While the majority opined that “fraud by anyone, when furthered by multiple use of the mails, constitutes a ‘pattern of racketeering activity’ ” (p 529), it restated the requirement that what distinguished a civil RICO claim from ordinary fraud claims is a “ ‘pattern of racketeering activity’ ” (p 530), calling for the existence of two predicate acts within 10 years.
Even if the United States Supreme Court were to disagree with the views set forth in Sedima and Bankers Trust (supra), as to distinct RICO injury — it would make no difference, for defendant herein has made no pretense of alleging that the plaintiffs were engaged in a pattern of racketeering activity marked by two prior convictions. The mere making of a claim under an insurance policy is not, without more (even assuming mail and wire services to have been used), a basis for the assertion of a treble damage RICO claim. To permit the interposition of such a counterclaim in a suit on an insurance policy would result in RICO claims being routinely interposed, with the threat of treble damages and a “racketeering” label to be pinned on a plaintiff if, for some reason, he were unable to substantiate his allegations of a covered loss under the policy. An insurance claim, even if “willfully exaggerated”, is not tantamount to “racketeering activity”, and should not give rise to “a runaway treble damage bonanza”. (Schacht v Brown, 711 F2d 1343, 1361.)
Further, we are loath to permit a counterclaim based upon the alleged impropriety of plaintiff filing a complaint. Just as we would dismiss a counterclaim for prima facie tort which alleged that the bringing of the prime action was for the purpose of inflicting intentional harm, so the counterclaim here, even if all the requisite elements were alleged, should be dismissed. Courts look with disfavor upon the attempt by a defendant “to introduce into the trial a separate and distinct cause of action affirmatively seeking judgment and damages for the unjustifiable and malicious prosecution of the complaint itself* * * Such a cause of action lowers the dam for a second main stream of evidence, with its own bundle of facts and law, its own burden of proof and measure of damages, and might impede or divert the progress of the plaintiff’s main stream of evidence.” (Knapp Engraving Co. v Keystone Photo Engraving Corp., 1 AD2d 170, 172-173.) Only after it is established that plaintiff’s action was without basis should defendant be permitted to proceed with a separate action, alleging the baseless and improper complaint in the previous action.
*87 The motion of the plaintiffs to dismiss the third affirmative defense and counterclaim is granted, without prejudice to the institution of a separate plenary action after the termination of this lawsuit favorably to the defendant, if the requisite elements of a proper action can then be pleaded.