OPINION OF THE COURT
Edward M. Horey, J.
By appropriate motion the plaintiffs seek to amend their complaint to assert a cause of action provided for under the Federal Consumer Product Safety Act. (C.P.S.A.; 15 USC § 2015 et seq.)
Such act sets forth that its purpose is to protect the public against unreasonable risks of injury and to assist consumers in evaluating the comparative safety of consumer products, in addition to developing uniform safety standards and promoting research and investigation into the causes and prevention of product-related death, illnesses and injuries. (See, C.P.S.A.; 15 USC §2051 [b].)
Relevant here is the fact that the Consumer Product Safety Act contains provisions for disclosure. 15 USC § 2064 provides in subdivision (b) that a manufacturer, distributor or retailer of a consumer product must inform the Consumer Product Safety Commission when it
"obtains information which reasonably supports the conclusion that such product * * *
"(1) fails to comply with an applicable consumer product safety rule; or
"(2) contains a defect which would create a substantial product hazard described in subsection (a) (2).”
Recourse to subdivision (a) (2) discloses that it describes "(2) a product defect which (because of the pattern of defect, the number of defective products distributed in commerce, the severity of the risk, or otherwise) creates a substantial risk of injury to the public.”
Formed under this act, and pursuant to authority contained therein, the Consumer Product Safety Commission has adopted a number of regulations, among which are requirements for substantial product hazard reports. (See, 16 CFR part 1115.)
The regulation contained in 16 CFR 1115.12 (c) is important to the motion at bar. It provides that information by a manufacturer, distributor or retailer indicating that a defect in a consumer product "has caused, may have caused, or contributed to the causing or could cause or contribute to the *45 causing of a death or grievous bodily injury * * * must be reported”. (Italics added.)
Various provisions for enforcement of the provisions of the Consumer Product Safety Act are provided in the act. Among these and relevant here are the provisions contained in section 2072 (see, 15 USC § 2072). That section provides for litigation. Specifically it states (15 USC § 2072 [a]): "Any person who shall sustain injury by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission may sue any person who knowingly (including willfully) violated any such rule or order in any district court of the United States in the district in which the defendant resides or is found or has an agent”. (Italics added.) The same section (i.e., 15 USC § 2072) states that in addition to the right to recover for "damages sustained,” the party may if the court determines it to be in the interest of justice, also recover "the costs of suit, including reasonable attorneys’ fees * * * and reasonable expert witnesses’ fees; Provided, That the matter in controversy exceeds the sum or value of $10,000”. (15 USC § 2072 [a]; italics added.)
It is readily apparent that the statutory action with right of recovery of attorneys’ fees and expert witnesses’ fees, if it is available, provides for relief broader than that available under the typical New York cause of action for negligence, strict products liability or fraud.
For determination are the following two questions: Does 15 USC § 2072 authorize a statutory cause of action by an individual? If 15 USC § 2072 authorizes such an action by an individual, may the same be properly pursued in the State courts of the State of New York?
Plaintiffs contend that the decision of Young v Robertshaw Controls Co., Uni-Line Div., decided by the Third Department, November 15, 1984, and reported at 104 AD2d 84 in an opinion of Justice Yesawich, Jr., is authority for their right to commence and pursue a statutory cause of action under section 2072. With this contention, this court disagrees.
The appellate decision in Young v Robertshaw Controls Co., Uni-Line Div. (104 AD2d 84, supra) must be read in concert with the decision of the trial court sitting in Special Term. There on a motion to amend a complaint the Trial Justice (Edmund L. Shea, J.) stated: "Further, the defendant Robertshaw is alleged to have misled the CPSC as to the extent of *46 the danger posed by this unit, despite a statutory and regulatory duty to disclose the full nature of the problem. (US Code, tit 15, § 2064; 16 CFR part 1115.) Plaintiff asserts that Robertshaw’s statements and actions constituted a fraud on the public and the public’s agent, the CPSC, which caused the injury to plaintiff and her decedent.” (Young v Robertshaw Controls Co., Uni-Line Div., 123 Misc 2d 580, 583.)
To this contention of the plaintiff the trial court (Special Term) held as follows: "The court holds that plaintiff, as an injured member of the public, may assert a private cause of action sounding in fraud for damages as a result of injuries attributable to Robertshaw’s alleged fraud upon the public and the CPSC.” (Young v Robertshaw Controls Co., Uni-Line Div., 123 Misc 2d 580, 585, supra.)
Note is pointedly made that Special Term did not definitively hold that the plaintiff could assert the statutory cause of action provided for under section 2072. Rather, the holding was of the right of the plaintiff to plead "a private cause of action sounding in fraud” although such action was for injuries "attributable to Robertshaw’s alleged fraud upon the public and the CPSC.”
This court finds the decision of Special Term equivocal on the issue of the right to assert the statutory action provided in section 2072.
Whatever doubt attends the trial court’s decision, this court finds no basis authorizing the assertion of the statutory action in the decision of the Third Department. There Justice Yesawich pointedly limited the appellate court’s affirmance as follows: "To the extent Special Term’s order of December 7, 1983 recognizes that a common-law action for fraud has been set forth, it is affirmed.” (See, Young v Robertshaw Controls Co., Uni-Line Div., 104 AD2d 84, 87-88, supra.) Clearly, this delineating statement cannot be viewed as an affirmance of a Special Term holding of a right to bring the statutory action under section 2072 if in fact that was the holding of the Special Term. Equally clear the appellate determination was not a definitive rejection of a right to assert a statutory cause of action under that section of the act. In sum, the issue at bar was adroitly finessed by the appellate determination and leaves the issue open and undetermined in this State.
As extensive a research as is possible and available to the court has disclosed no decision in New York State on the issue other than those of Special Term and Third Department in *47 Young v Robertshaw Controls Co. which have been reviewed herein. (See respectively, 123 Misc 2d 580, and 104 AD2d 84, supra.)
Further research in other jurisdictions has proved more fruitful. In an extensive and far-searching opinion, the Supreme Court of Minnesota, as recently as September 1985, definitively held that section 2072 creates a private cause of action for certain violations of " 'a consumer product safety rule * * * or any other rule * * * issued by the Commission.’ ” (Swenson v Emerson Elec. Co., 374 NW2d 690, 699 [Minn].) The court went further and held that a violation of the "substantial hazard” reporting regulations of the Consumer Product Safety Act constituted a violation of a "rule” of the Consumer Product Safety Commission and authorized a private action for a violation of the reporting regulations. It is of interest to note that among the authorities cited by the Minnesota Supreme Court in support of its decision was the case of Young v Robertshaw Controls Co. (560 F Supp 288). This was a companion case in the Federal District Court of the Northern District of New York to Robertshaw Control Co.’s action earlier reviewed in this decision and determined first in Special Term in Supreme Court, Essex County, and later reviewed by the Appellate Division, Third Department, in the case earlier noted in this opinion.
Simply stated, this court is persuaded by the logic, analysis, reasoning and authority cited in the Minnesota Supreme Court decision. Accordingly, this court holds here as the Minnesota Supreme Court did in Swenson v Amerson Elec. Co. (supra) that Consumer Product Safety Act § 2072 (15 USC) authorizes a cause of action for alleged violations of the Consumer Product Safety Commission substantial products hazard reporting regulations which plaintiffs in the case at bar seek to assert in an amended complaint.
There remains only the question of whether such cause of action can properly be asserted in this State court in the light of the fact that the statute authorizes the commencement of such action in a District Court of the United States.
The general rule concerning concurrent jurisdiction of Federal and State courts was enunciated by the Supreme Court of the United States in Gulf Offshore Co. v Mobil Oil Corp. (453 US 473) as follows: "The general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject-matter jurisdiction *48 over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and the state-court adjudication.” (Gulf Offshore Co. v Mobil Oil Corp., 453 US 473, 477-478.)
The Supreme Court continued by stating that there was a presumption that State courts enjoy concurrent jurisdiction with Federal courts, noting however that Congress may confine jurisdiction to the Federal courts. The rebuttal of the presumption of concurrent jurisdiction must be by "an explicit statutory direction, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests.” (Gulf Offshore Co. v Mobil Oil Corp., 453 US 473, 478, supra.)
In Greenview Trading Co. v Hershman & Leicher (123 Misc 2d 152 [Sup Ct, NY County 1984]), Justice Saxe helpfully enumerated a number of examples wherein it had been held that State courts have concurrent jurisdiction to hear claims arising under various Federal statutes wherein such statute stated that jurisdiction was vested in United States District Courts but were silent regarding State court jurisdiction. (See, 123 Misc 2d 152, 155-156.) This is precisely the situation which prevails under the Consumer Product Safety Act here in issue. (See, 15 USC § 2072.)
There does not appear to have been any prior determination by any court in the State of New York on the issue of concurrent jurisdiction between our State courts and the Federal District Courts for actions authorized under Consumer Product Safety Act § 2072.
Again, we are indebted to the Supreme Court of Minnesota for a definitive determination of that issue. In Swenson v Emerson Elec. Co. (374 NW2d 690, 697 [Minn], supra), that court stated and held as follows: "Section 2072 contains no explicit grant of exclusive jurisdiction to the federal courts. Our review of the legislative history of the CPSA does not reveal any consideration of the jurisdictional question. See H.R. Rep. No. 92-1153, 92d Cong., 2d Sess. 46-49 (1972); S. Rep. No. 92-835, 92d Cong., 2d Sess., reprinted in 1972 U.S. Code Cong. & Ad. News 4573; Conf. Rep. No. 92-1593, 92d Cong., 2d Sess., reprinted in 1972 U.S. Code Cong. & Ad. News 4596, 4647-50. Finally, it is unlikely that Congress intended federal courts to have exclusive jurisdiction over private actions under the CPSA because most actions in which CPSA claims are asserted would also include claims of state common law viola *49 tions such as negligence, breach of warranty, and strict product liability. Any intent by Congress to require all of these actions to be brought in federal courts would have to be explicit. We therefore conclude that state and federal courts possess concurrent jurisdiction over private causes of action under the CPSA.”
With the background of the general principle permitting concurrent jurisdiction of State and Federal courts which has been earlier reviewed and upon the quoted persuasive reasoning of the Supreme Court of Minnesota on the specific issue of concurrency of State and Federal courts under the Consumer Product Safety Act here in issue, this court holds that the Supreme Court of New York has concurrent jurisdiction with Federal District Courts of actions authorized under 15 USC §2072 and in particular for violation of reporting requirements of 15 USC § 2064.
Because of the acknowledged far-reaching ramifications of the Consumer Product Safety Act and actions predicated upon violations of its provisions this court will view with unusual interest the progress of this matter through appellate review where this court has been assured the matter will go without regard to the decision which has been reached on this motion.