■ Bukhatir Mackinnon Limited, Respondent-Appellant, v Naeem H. Sarfraz et al., Appellants-Respondents.—Order, Supreme Court, New York County (Amos E. Bowman, J.), entered January 29, 1986, which insofar as appealed from granted the motion by defendant Sarfraz for dismissal of the complaint on the ground of forum non conveniens on the condition that the parties stipulate to remove the action to the United States District Court for the Southern District of New York, directed defendants to file jointly a $1,000,000 undertaking, which was not to be discharged except by order of said Federal court, dismissed the ninth and tenth causes of action in the complaint, and directed transfer of these causes of action to the Federal court, modified, on the law, to vacate the first, second and third decretal paragraphs of the order; to grant that branch of the motion by defendant Sarfraz which sought dismissal of the ninth and tenth causes of action for lack of subject matter jurisdiction; and to deny that branch of said motion which sought dismissal on the ground of forum non conveniens, and, as so modified, otherwise affirmed, without costs.

Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered April 2, 1986, which denied the motion by defen-

dants Galin and Venture Company to disqualify plaintiff's counsel, Chadbourne & Parke, affirmed, without costs.

Plaintiff Bukhatir Mackinnon Limited is a shipping company, organized under the laws of Sharjah, United Arab Emirates, which owns and operates its own vessels and acts as managing agent for vessels owned by others. In 1980 defendant Naeem H. Sarfraz purchased 25% of the shares in plaintiff corporation, and ascended to the position of managing director. Later that year, on behalf of plaintiff, Sarfraz formed an agreement with defendant Venture Company, a Panamanian corporation doing business in New York, to act as managing agent for the latter's vessel, *The Anjo One*. Defendant Miles Galin, a New York resident, is the principal of Venture Company.

In 1984, plaintiff commenced this action in Supreme Court, New York County. Plaintiff's verified complaint charges, *inter alia*, that in July 1982, after Venture Company sold its only asset, *The Anjo One*, auditors discovered a deficit of $271,824 in Venture's account with Bukhatir, which debt Galin had acknowledged but failed to pay, and other misappropriations of funds. The auditors concluded that the corporation had a negative net worth of $544,000. During a meeting held in November 1982, the board of directors of plaintiff corporation terminated Sarfraz' services, and resolved to require him to remain in the United Arab Emirates until their business dispute had been resolved. Sarfraz entered into an agreement with the shareholders to transfer his shares and to pay plaintiff his share of the negative net worth. He also signed the minutes of the board meeting. However, Sarfraz left the country for New York in December 1982. Plaintiff later discovered that Sarfraz had, since October 1980, been a one-third shareholder, officer, and director of Venture Company and therefore had a conflict of interest in all of his dealings with Venture Company in his capacity as plaintiff's managing director.

The complaint states 10 causes of action. The first through fifth causes of action seek recovery from Sarfraz on theories of misappropriation, conversion, misrepresentation, breach of fiduciary duty, fraud, unjust enrichment, moneys due on account, and the amounts due under the stock transfer agreement.

The sixth through eighth causes of action seek recovery from all defendants of the deficit in Venture's account with plaintiff on theories of breach of contract, fraud, and unjust enrichment. The ninth and tenth causes of action assert

claims under the Racketeer Influenced and Corrupt Organizations statute (18 USC §§ 1961-1968 [RICO]) and seek recovery of treble damages against all defendants. The ninth cause of action alleges that defendants participated in the conduct of the affairs of an enterprise engaged in, and whose activities affected, foreign commerce through a pattern of racketeering by committing two or more predicate acts of mail or wire fraud since 1980 in furtherance of a scheme to defraud plaintiff. The tenth cause of action alleges that the defendants conspired to commit the RICO violation described in the ninth cause of action.

Defendant Sarfraz moved to dismiss the first through fifth causes of action on the ground of forum non conveniens, the sixth through eighth causes of action on the ground of legal insufficiency, and the ninth and tenth causes of action for lack of subject matter jurisdiction. By decision dated December 9, 1985, Special Term rejected defendant's contention that the United Arab Emirates was a more appropriate forum. The court reasoned that Sarfraz was likely to avoid returning to the United Arab Emirates where another action was pending against him for his share of plaintiff corporation's negative net worth, and to stall the present litigation because he had already broken his promise to stay in the United Arab Emirates. On constraint of this court's recent decision *(Greenview Trading Co. v Hershman & Leicher,* 108 AD2d 468 [1st Dept 1985]), Special Term further determined that the ninth and tenth causes of action alleging violations of the Federal RICO statute had to be dismissed for lack of subject matter jurisdiction. The court noted that plaintiff will be required to refile these causes of action in Federal court. However, rather than dismissing the ninth and tenth causes of action, Special Term characterized the litigation as a species of maritime dispute. It therefore deemed Federal court the appropriate forum and granted the motion to dismiss on the condition that the parties stipulate to transfer the matter, including the sixth through eighth causes of action which were valid, to the United States District Court for the Southern District of New York. Additionally, the court ordered the defendants to post a $1,000,000 bond pending acceptance of jurisdiction by the District Court.

In settling the order on this decision, however, the court granted forum non conveniens dismissal on condition that the parties stipulate not to transfer, but to remove the action, including the Federal RICO claims and the counterclaims asserted by Sarfraz, to the District Court. The court further

directed that the $1,000,000 bond not be discharged except by order of the District Court. It denied the balance of the motion to dismiss. By order dated October 16, 1986, this court granted Sarfraz' motion for a stay pending determination of this appeal.

As limited by their main brief, defendants appeal from so much of the order as granted conditional rather than outright dismissal of the Federal RICO claims in the acknowledged absence of subject matter jurisdiction. Plaintiff's cross appeal mainly urges the court to reconsider and reverse its decision in *Greenview Trading (supra)*. Plaintiff concedes that if precedent is adhered to, Special Term should have severed and dismissed the RICO claims outright. Pointing to the discrepancies between the decision and the order the parties have otherwise confined their appeal to procedural issues, seeking a remand to the Justice now handling the case under the Individual Assignment System for de novo consideration of some or all of the motion to dismiss the complaint. These issues are dealt with, seriatim.

In *Greenview Trading (supra)*, this court held that the better analysis pointed against the appropriateness of concurrent State court jurisdiction based upon our concerns about becoming involved in the interpretation of the host of Federal statutes that constitute predicate offenses, with which State courts lack familiarity.

We are aware that later cases have divided in their approach to the issue *(see, e.g., Sedima, S. P. R. L. v Imrex Co.,* 473 US 479 [1985]; *County of Cook v Midcon Corp.,* 773 F2d 892, 905, n 4 [7th Cir 1985], *affg on other grounds* 574 F Supp 902 [ND Ill 1983]; *Bankers Trust Co. v Rhoades,* 741 F2d 511 [2d Cir 1984], *vacated and remanded* 473 US 922 [1985]; *Cianci v Superior Ct.,* 40 Cal 3d 903, 710 P2d 375 [Sup Ct 1985]), but neither these cases nor the circumstances of the present case persuades us that *Greenview Trading Co. v Hershman & Leicher (supra)* should now be reversed. None of these decisions adequately addresses our concerns about uniformity of interpretation and lack of expertise in the Federal criminal statutes that define some of the relevant predicate offenses. We believe that, even in the wake of *Sedima,* the Federal judiciary still has wide latitude to define civil RICO claims. Significantly, the Supreme Court there traced the evolving use of the statute against "respected and legitimate enterprises" in everyday fraud cases, in part, to the failure of the courts to develop a meaningful concept of the "pattern" element (18 USC § 1961 [5]; *Sedima, S. P. R. L. v Imrex Co., supra)*. After

the *Sedima* decision, the District Court for the Western District of Oklahoma in *Massey v City of Oklahoma City* (643 F Supp 81, 84 [1986]) cited the concerns expressed in *Greenview Trading* and agreed that State court jurisdiction over Federal civil RICO claims was inappropriate. *(Accord, Washington Courte Condominium Assn. v Washington Golf Corp.,* 150 Ill App 3d 681, 501 NE2d 1290 [1986]; *Thrall Car Mfg. Co. v Lindquist,* 145 Ill App 3d 712, 717, 495 NE2d 1132, 1136 [1986]; *Levinson v American Acc. Reinsurance Group,* 503 A2d 632, 635 [Del Ch 1985]; *Maplewood Bank & Trust Co. v Acorn, Inc.,* 207 NJ Super 590, 593, 504 A2d 819, 820 [1985]; *see also, Kinsey v Nestor Exploration,* 604 F Supp 1365, 1370-1371 [ED Wash 1985].) Therefore, as both sides agree, the dismissal of the ninth and tenth causes of action should have been outright, rather than conditional. *(See, Gager v White,* 53 NY2d 475, 487, n 8 [1981]; *Foley v Roche,* 68 AD2d 558, 565-566 [1st Dept 1979].)

With respect to the balance of the complaint we conclude that Special Term should have denied the motion to dismiss in its entirety. Special Term clearly misapprehended the nature of this litigation, which involves claims to corporate and shareholder assets on theories discussed *supra,* not a maritime dispute. More significantly, the Federal forum offers no distinct advantages vis-à-vis Supreme Court, New York County, in terms of the interests of justice or the convenience of witnesses. In any event, defendants could not comply with the prerequisites for removal. The 30-day time limit to petition for removal to Federal court has expired. (28 USC § 1446 [b].) It also bears noting that in the absence of the RICO claims, the bond actually exceeds the amount sought by plaintiff.

A remand for de novo consideration of the motion to dismiss is unnecessary. We are empowered to grant relief beyond the confines of an appeal where the balance of an order is so inextricably intertwined with its complained-of provisions that just and complete relief cannot be accomplished without affecting the former. *(Offset Paperback Mfrs. v Banner Press,* 71 AD2d 593, 594 [1st Dept 1979]; *Foley v Roche, supra,* at 564; *Lea v Lea,* 59 AD2d 277, 280 [1st Dept 1977].) In the present case the provision of the order which granted forum non conveniens dismissal and the provisions related thereto are so inextricably intertwined with the parties' procedural objections that just disposition requires vacatur of the former. Concur—Sandler, J. P., Carro, Asch, Rosenberger and Ellerin, JJ.

■ ERNEST F. BAGINSKI, Individually and as Administrator of