**JAE–SOO YANG KIM, Kim Tae Kwon Do Academy**

v.

**PEREIRA ENTERPRISES, INC., et al.**

Civ. A. No. 82–5885.

United States District Court, E.D. Louisiana.

Aug. 4, 1988.

H.P. Rowley, III, Covington, La., for plaintiffs.

Joseph A. Reilly, Jr., Henderson, Hanemann & Morris, Houma, La., for defendants.

McNAMARA, District Judge.

This Minute Entry supplements the Minute Entry dated June 29, 1988, in which the court granted the Summary Judgment Motion filed by Defendants, Abe Pereira, Jr., Pereira Enterprises, Inc., Lafourche Novelty Company, and National Union Fire Insurance Company. The court granted the Summary Judgment Motion for the following written reasons.

### FACTS

On January 3, 1982, an unknown person fired a bullet through a boarded window of a lounge located in Houma, Louisiana. The bullet ultimately struck and killed Mr. Jung–Kwang Kim, a patron inside the lounge. The assailant was never identified and a motive for the shooting was never established.

On May 6, 1982, Mr. Kim's widow filed suit in state court, naming as defendants: Pereira Enterprises, Inc., (owner and lessor of the building and lounge where the incident occurred); Abe L. Pereira, Jr. (Chief Executive Officer of Pereira Enterprises, Inc.); National Union Fire Insurance Company (liability insurer of Pereira Enterprises, Inc.); Edward Lamar Franks (lessee-operator of the lounge where the incident occurred); the City of Houma and the State of Louisiana through the Department of

Public Safety, Office of Alcoholic Beverage Control. The Plaintiff alleged various tort claims and unfair trade practices.

On December 22, 1982, Mr. Kim's widow and karate school filed suit in federal court, naming as Defendants: Pereira Enterprises, Inc.; Abe Pereira, Jr.; National Union Fire Insurance Company; Edward Lamar Franks; Mayor and City Council of the City of Houma; Lafourche Novelty Company, Inc. (owner of certain novelty coin-operated machines which were placed on the premises where the incident occurred); Donald Rains (alleged silent partner of Edward Franks); Pereira–Rains Enterprises (a non-entity); Accredited Surety & Casualty Company; and Donald G. Bollinger, Secretary, Department of Public Safety, State of Louisiana. The Plaintiffs alleged various tort claims and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(a–c). Plaintiffs subsequently dismissed Franks and Accredited Surety & Casualty Company.

In December 1983, the Clerk for the U.S. District Court entered a default against Defendant Donald Rains due to his failure to plead or otherwise defend. In April 1984, this court granted the Motion to Dismiss filed by Defendants, the Mayor and City Council of the City of Houma. In August 1985, Defendant Donald Bollinger was dismissed from the suit by agreement of the parties, and this court stayed the federal trial pending the conclusion of similar causes in state court.

In October 1985, the matter was tried in state court. The state court found that, as a matter of fact, Mrs. Kim failed to sustain her burden of proof against any defendants and dismissed plaintiff's suit in its entirety at plaintiff's costs. The judgment specifically stated:

> Without going into the testimony adduced at trial, which is almost as voluminous as the record in this proceeding, the Court finds that the evidence elicited at the trial does not support the Plaintiff's contention that 1. The premises were defective. 2. That [the Pereira] group of defendants knew or should have known that a shooting was about to occur and 3.

> That [the Pereira] group of defendants practiced an unfair and deceptive act upon Mr. Kim.

.　　.　　.　　.　　.

Neither Lafourche Novelty Company, Pereira Enterprises, Inc., nor Abe Pereira in any manner participated in the management or the day-to-day operation of the establishment. The only relationship between Pereira Enterprises, Inc., Abe Pereira and the lessee of the premises was that Pereira Enterprises, Inc. was the lessor and Mr. Franks was the lessee of the property. Mr. Franks did operate the business and there is some indication that he did so with a silent partner, a Mr. Donald Ranes (sic).

The trial court judgment was affirmed on appeal. *Joe–Soo Yang Kim v. Pereira Enterprises, Inc., et al,* 513 So.2d 559 (Louisiana Appellate First Circuit 1987). The Appellate Court specifically stated:

> The Plaintiff's theory of the case depended upon a showing that Mr. Pereira, Mr. Raines and others had engaged in "one scheme" and to the extent that there was violence at other lounges in the "scheme" it placed Pereira Enterprises and Lafourche Novelty Company on notice; for these reasons they should have taken whatever precautions were necessary to prevent violence at [the lounge] or to give notice to the patrons of [the lounge]. The court felt that this was too attenuated and excluded ... testimony and evidence.

.　　.　　.　　.

> We feel the trial court was correct in excluding the evidence as simply too attenuated. However, even considering the excluded testimony, Plaintiff's case is no stronger than it was without the excluded evidence.

.　　.　　.　　.

> There is nothing to support Plaintiff's theory of a "Mafia Network" and a program of intimidation against certain lounges except for vague rumors and hints made by confessed drug abusers and criminals.

.　　.　　.　　.

The Plaintiff/Appellant never effectively establishes any relationship between Mr. Pereira and Mr. Raines other than that of lessor/lessee, commercial obligor/obligee and lessor/lessee of vending equipment. No one during three days of testimony and the introduction of an excess of eighty exhibits suggested that Abe Pereira was in anyway involved with or connected with any type of elicit activity.

As to the Plaintiff's claim based on Louisiana's Unfair Trade Practices and Consumer Protection Law, LSA–R.S. 51:1404, the Appellate Court stated:

Appellant would suggest that the act is so broad that virtually every tort committed by a commercial defendant would be considered an unfair and deceptive trade practice. Although the act was intentionally broadly written so as to leave a determination of the type of violation which comes within the ambit of the statute to the Commission and the courts, the Appellant's broad stroke of coverage under the Act should be rejected as inappropriate and not intended to be covered by the Legislature in enacting LSA–R.S. 51:1405–1409.

. . . . .

This particular cause of action must also fail for the same reasons that the Appellant's other causes of action fail. The Appellant has not met her burden of proof. She has not shown that Mr. Pereira or Pereira Enterprises, in fact, operated the lounges in question, that there was a conspiracy, joint venture or scheme to defraud anyone, that there was any connexity between the shooting of Mr. Kim and any other illegal or "unfair" trade practices which may have taken place at any lounges including [the lounge where the incident occurred].

Subsequent to the state court judgment, the federal court Plaintiffs abandoned all claims, except the RICO claim, against the remaining Defendants: Pereira Enterprises, Inc.; Lafourche Novelty Company, Inc.; Abe Pereira; and National Union. In February 1988, this court ordered the Plaintiffs to file a RICO case statement as prescribed by the Eastern District's RICO Standing Order. In their RICO Statement, Plaintiffs further limited their claims to alleged violations of § 1962(c), abandoning claims of § 1962(a) and § 1962(b) violations.

### DISCUSSION

■■■ This court granted Defendants' summary judgment motion for several reasons. First, the mere fact that a claim derives from federal law rather than state law does not prevent application of *res judicata* if the state court shares concurrent jurisdiction with the federal court. While the issue of whether a federal court exercises jurisdiction over civil RICO claims exclusively or concurrently with state courts has been heavily debated, this court is persuaded by the Ninth Circuit's holding that state and federal courts have concurrent jurisdiction over civil RICO claims.[1] *Lou v. Belzberg*, 834 F.2d 730 (9th Cir.1987). Therefore, the instant state court judgment is *res judicata* to Mrs. Kim's federal suit if there is an identity of: parties; "cause"; and the thing demanded. *Welch v. Crown Zellerbach Corp.*, 359 So. 2d 154, 156 (La.1978).

As to the identity of *parties*, it is undisputed that Pereira Enterprises, Inc., Abe

---

**1.** While many state and federal district courts have decided the exclusivity issue of civil RICO claims, without uniform results, few federal circuits have expressly decided the issue.

The Seventh Circuit has expressed doubt whether RICO jurisdiction is exclusively federal. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1232–37 (7th Cir.1986) (RICO claim is *res judicata* because appellants failed to raise fraud and forgery defenses in state trial, and may not do so "in the disguise of civil RICO claims in federal court"); *County of Cook v. Midcon Corp.*, 773 F.2d 892, 898, 905 n. 4 (7th Cir.1985) ("It is by

no means clear that federal courts have exclusive jurisdiction to hear RICO claims.").

The Second Circuit has held that a federal court has exclusive jurisdiction over RICO claims. *Cullen v. Margiotta*, 811 F.2d 698, 732 (2d Cir. 1987) (following New York decisional law).

The Fifth Circuit has not definitively decided the exclusivity issue concerning RICO claims. *Foval v. First Nat. Bank of Commerce*, 841 F.2d 126, 128–129 and n. 1 (5th Cir.1988); *J.M. Muniz, Inc. v. Mercantile Texas Credit Corp.*, 833 F.2d 541, 544 (5th Cir.1987).

Pereira and National Union Fire Insurance Company are Defendants in both Mrs. Kim's state and federal suits. Similarly the identity of the *thing* demanded is money in both the state and federal suits.

The requirement that the demand be founded on the same cause of action refers to the *fact or facts* giving rise to the judicial relief sought or to the *principal* generating the right asserted. *Rhodes v. O'Connor–Valls Laboratory, Inc.*, 470 So.2d 334, 335 (La.App. 5th Cir.1985).

> There is an obvious distinction between grounds of action and cause of action; a single cause of action may be based upon several grounds, in which event, whether actually litigated or not, they are all merged in the judgment which bars a new action on the same cause of action on a different ground.

*Mitchell v. Bertolla*, 340 So.2d 287 (La. 1976), *quoting* Freeman, Law of Judgment, Section 681, 1437–38. Because Plaintiff Mrs. Kim's claims asserted in both her state and federal suits are based on the same set of facts, the identity of *"cause"* is met. The final state court judgment therefore bars Mrs. Kim's federal suit under *res judicata* principles as to Defendants: Pereira Enterprises, Inc.; Abe Pereira and National Union Fire Insurance Company. ·

■ Second, even if *res judicata* does not bar Plaintiff Mrs. Kim's RICO claim, the court alternatively grants summary judgment to *all* Defendants (Pereira Enterprises, Inc.; Abe Pereira; National Union Fire Insurance Company; and Lafourche Novelty Company, Inc.), because the federal court Plaintiffs (Mrs. Kim and Kim Tae Kwon Do Academy) have failed to bring to the court's attention any admissible evidence to substantiate their purely conclusory allegations and inferences replete in both their RICO statement and memorandum in opposition to Defendants' summary judgment motion. Although Plaintiff Mrs.

Kim has fully litigated the alleged operative facts in a full blown state court proceeding, the federal court Plaintiffs have failed to make a sufficient showing on the essential elements of their § 1962(c) claim: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). More specifically, Plaintiffs have pled mere conclusory allegations and *no* specific facts to establish an "association in fact enterprise." *Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423 (5th Cir.1987). Furthermore, Plaintiffs have insufficiently shown a "pattern of racketeering" even in light of the Fifth Circuit's expansive interpretation of "pattern." *Id.*

In short, Plaintiffs have raised *no* genuine issue as to any material fact, because their complete failure of proof concerning essential elements of their case renders all other facts immaterial.[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Defendants are therefore entitled to judgment as a matter of law. *Id.*

■ Third, the court grants summary judgment to all Defendants because Plaintiffs lack standing.

> [T]he Plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation. . . .
>
> . . . where the Plaintiff alleges each element of the violation, the compensable injury necessarily is the harm caused by the predicate acts sufficiently related to constitute a pattern, for the essence of the violation is the commission of those acts in connection with a conduct of an enterprise. Those acts are, when committed in the circumstances delineated in Section 1962(c), "an activity which RICO was designed to deter." Any recovera-

---

**2.** The Plaintiffs complain that the hearing for the instant summary judgment motion was premature because the Plaintiffs were not given the opportunity to investigate the alleged destruction of certain telephone records. However, the court finds that no such investigative findings could conceivably raise a genuine issue as to any material fact. Therefore, the Plaintiffs were not denied the opportunity to discover information essential to their opposition. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511 n. 5, 91 L.Ed.2d 202 (1986).

ble damages occurring by reasons of a violation of Section 1962(c) will flow from the commission of the predicate acts. *Sedima v. Imrex,* 473 U.S. 479, 105 S.Ct. 3275, 3285–86, 87 L.Ed.2d 346 (1985). It is clear to this court that: (1) neither Plaintiff, Mrs. Kim nor Kim Tae Kwon Do Academy, was injured by the "conduct constituting the violation,"; and (2) any harm Plaintiffs suffered was not "caused by the predicate acts."

Plaintiffs simply cannot establish any causal relationship between Mr. Kim's shooting and the alleged enterprise activities or pattern of racketeering.

[A]ny sensible interpretation of *Sedima,* or indeed any sensible application of the general principles of causation, absolutely precludes [Plaintiffs'] speculative arguments or theories. [Plaintiffs'] tenuous argument[s] are far beyond the pale of rationale causation.

*National Enterprises, Inc. v. Mellon Financial Services Corp.,* 847 F.2d 251 (5th Cir.1988).