## CUERVO RESOURCES, INCORPORATED and Michael Warren, Plaintiffs–Appellants,

v.

## CLAYDESTA NATIONAL BANK, Defendant–Appellee.

No. 88–1609.

United States Court of Appeals, Fifth Circuit.

June 29, 1989.

Rehearing Denied Aug. 2, 1989.

Steven L. Woolard, Fort Stockton, Tex., for plaintiffs-appellants.

Mark S. Carder, Cotton, Bledsoe, Tighe & Dawson, Midland, Tex., for defendant-appellee.

Before KING, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:

Plaintiffs-appellants Cuervo Resources, Inc. and Michael Warren brought this suit against appellee-defendant Claydesta National Bank (the Bank) for alleged violation of the anti-tying provisions of the Bank Holding Company Act, 12 U.S.C. §§ 1972, *et seq.*, in connection with the renewal or offer to renew Cuervo's debt to the Bank. The Bank moved for summary judgment both on the merits and on the basis of *res judicata.* The latter plea was based on a state court judgment in favor of the Bank and against appellants on the indebtedness in question and rejecting appellants' counterclaim against the Bank for tortious interference with business relations in reference to the same general circumstances alleged in the present action. In the state suit, appellants had also filed a counterclaim against the Bank under the anti-tying provisions of the Bank Holding Company Act, asserting essentially the same claims as those made in the present action. However, appellants on their own motion dismissed their referenced Bank Holding Company Act counterclaim from the state suit prior to its trial, despite their recognition that it would be a compulsory counterclaim under state law if the state court had subject matter jurisdiction over it. The district court in the present suit granted the Bank's motion for summary judgment on the basis of *res judicata,* concluding that the state court had subject matter jurisdic-

tion over the counterclaim under the Bank Holding Company Act, and that it was a compulsory counterclaim in the state suit.

Appellants' only claim on appeal is that the judgment in the state court suit is not *res judicata* because the state court lacked subject matter jurisdiction of claims under the anti-tying provisions of the Bank Holding Company Act in that federal court jurisdiction of such claims is exclusive. The contrary conclusion was reached by the Eleventh Circuit in *Lane v. Central Bank of Alabama*, 756 F.2d 814 (11th Cir.1985), the only reported case cited by either party, or which we have found, that directly addresses this issue. We agree with *Lane*, and accordingly affirm the judgment below.

AFFIRMED.